T.C. Memo. 1998-393

UNITED STATES TAX COURT

ANTONINO AND FRANCESCA PECORA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15779-97.                    Filed November 6, 1998.

Antonino Pecora, pro se.

Thomas J. Kerrigan, for respondent.


MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This case was heard pursuant to
section 7443A(b)(3) and Rules 180, 181, and 182.  All section
references are to the Internal Revenue Code in effect for the
year in issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioners' 1993 Federal income tax in the amount of $8,645 and an accuracy-related penalty under section 6662(a) in the amount of $1,729.

The issues for decision are: (1) Whether petitioners must report interest income; (2) whether petitioners are entitled to an ordinary loss deduction of $32,500 under section 1244; and (3) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Petitioners resided in Bayside, New York, at the time their petition was filed.

Petitioners reported $3,143 as interest income. Petitioners did not report an additional $752 of interest income on their 1993 return.

In 1993, petitioner Antonino Pecora (petitioner) and others were about to enter into the restaurant business. Petitioner hired an attorney to incorporate the restaurant and to negotiate a lease for restaurant space with the Warwick Hotel. Petitioner's attorney incorporated the restaurant under the name of Bis Restaurant, Ltd. (Bis). The Certificate of Incorporation of Bis was filed with the State of New York Department of State on August 18, 1993. The Certificate of Incorporation authorized Bis to issue 200 shares of no par value stock.

On Form 4797, Sales of Business Property, attached to their 1993 return, petitioners reported an ordinary loss on section

1244 stock in the amount of $32,500. Petitioners reported Bis as the name of the corporation that issued the section 1244 stock. Although petitioners reported that the stock was purchased with cash, the number of shares issued to petitioners and the par value per each share were not listed.

Section 61 provides that gross income means all income from whatever source derived, including interest income. Sec. 61(a)(4). Petitioner contends that although the bank accounts listed the names of both petitioners and their Social Security numbers, they were held by petitioners for the benefit of their children.

The record does not show that petitioners were not the beneficial, as well as the legal, owners of these accounts. Thus any interest earned from these accounts belongs to petitioners and must be reported as interest income by petitioners. Sec. 61(a)(4).

Section 165(g)(1) and (2)(A) generally provides that a taxpayer realizes a capital loss when stock that is a capital asset becomes worthless. Section 1244(a) provides a limited exception to this general rule in that it allows an individual taxpayer to treat a loss on "section 1244 stock" as an ordinary loss where it would otherwise be treated as a loss from the sale or exchange of a capital asset. The aggregate amount of the loss that may be treated as an ordinary loss under section 1244 cannot

exceed $100,000 in the case of a husband and wife filing a joint return.  Sec. 1244(b)(2).

The term "section 1244 stock" generally means stock of a qualifying domestic small business corporation that was issued for money or other property (other than stock or securities). Sec. 1244(c).  The Commissioner is empowered to prescribe regulations necessary to carry out the purposes of section 1244. Sec. 1244(e).  Pursuant to that authority, the Commissioner issued regulations requiring a taxpayer to have records sufficient to establish that the taxpayer satisfies the requirements of section 1244 and is entitled to the loss claimed. Sec. 1.1244(e)-1(b), Income Tax Regs.

In order to substantiate an ordinary loss deduction claimed by its shareholders, a corporation should maintain records that show the persons to whom the stock was issued, the date of issuance to these persons, and a description of the amount and type of consideration received from each person.  Sec. 1.1244(e)-1(a)(2), Income Tax Regs.  There are other requirements that we need not detail here.  We have held that strict compliance with the requirements of section 1244 and the regulations thereunder is necessary to obtain the benefits of the section.  Mogab v. Commissioner, 70 T.C. 208, 212 (1978); Gubbini v. Commissioner, T.C. Memo. 1996-221.

After a review of the record, we conclude that petitioners are not entitled to an ordinary loss deduction under section 1244 in the amount of $32,500 for their purported Bis stock. Aside from petitioner's self-serving testimony, petitioners offered no documentary evidence to establish that the purported Bis stock qualifies as section 1244 stock, and that petitioners ever paid for or received any Bis stock. Petitioner admitted that they have no records in their possession, i.e., stock certificates or canceled checks, to establish their ownership and basis in Bis.

In their 1993 return, petitioners stated that the Bis stock was purchased with cash. At trial, when asked whether petitioner invested by check or by cash, he could not recall exactly but stated that some payments were by checks and that he did not "think" any cash was involved. At trial, petitioner stated that he had one partner. The correspondence from his attorney at the time of the formation of Bis indicated that there were four investors.

Moreover, even if petitioners had established that they owned section 1244 stock, there is no evidence in the record to establish when such stock became worthless or that it was worthless in 1993. Petitioner contends that Bis incurred the loss when it forfeited a $60,000 security deposit given to the Warwick Hotel to secure the lease. However, petitioner

introduced no evidence of a security deposit or of a loss of a security deposit or a loss of any kind.

We have stated on many occasions that this Court is not bound to accept petitioner's self-serving, unverified, and undocumented testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Petitioners have failed to establish that they sustained a $32,500 loss that may be treated as an ordinary loss under section 1244 for 1993. Thus, respondent is sustained on this issue.

Finally, we must decide whether petitioners are liable for an accuracy-related penalty in the amount of $1,729. Section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed

with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.  Sec. 6664(c).

On the basis of this record, we conclude that petitioners are liable for an accuracy-related penalty under section 6662(a). Petitioners failed to report interest income in the amount of $752 as required.  Further, petitioners failed to establish with adequate records the claimed $32,500 ordinary loss deduction.  In fact, petitioners failed to provide any reasonable explanation or documentary evidence to support their entitlement to the deduction.  In this regard, we find that petitioners' actions were not those of a reasonable and prudent person under the circumstances.  Accordingly, we sustain respondent's determination on this issue.

<u>Decision will be entered</u>

<u>for respondent</u>.